Argued and submitted March 8, reversed and remanded April 6, 1983

## PADDACK et al,
*Petitioners on Review,*
*v.*
## McDONALD, dba Jess E.
McDonald, Jr., Contractor,
*Respondent on Review.*

(TC No. 223493, CA A24973, SC 29121)

661 P2d 545

Thomas J. Barnett, Portland, argued the cause for petitioner on review. With him on the petition were David S. Paull and Bailey & Paull, Portland.

William J. Howe, III, of Howe & Harris, Portland, argued the cause and filed a response to the petition for respondent on review.

Before Lent, Chief Justice, and Peterson, Campbell, Roberts, Carson and Jones, Justices.

JONES, J.

Peterson, J., filed a concurring opinion.

## JONES, J.

Plaintiffs brought this suit for an examination of defendant's payroll records and for recovery of any unpaid fringe benefit contributions found due as a result of the payroll examination, pursuant to the Labor Management Relations Act of 1947, 29 USC § 141, *et seq.,* and the Employee Retirement Income Security Act of 1974, 29 USC § 1001, *et seq.,* as amended.

Defendant filed a motion to dismiss the plaintiffs' complaint, pursuant to ORCP 21,[1] for failure to state facts sufficient to constitute a claim. Defendant contended the complaint did not contain an allegation that at the time the defendant entered into a collective bargaining agreement with the union, the union represented a majority of the defendant's employees. The trial court granted defendant's motion. Plaintiffs determined that they were unable to plead their claim more favorably and then gave notice of dismissal of the suit, pursuant to ORCP 54 A.(1).[2]

Rather than entering judgment as provided in ORCP 54 A.(1), the court entered an order of dismissal on May 11, 1982. On May 18, 1982, the trial court awarded defendant a judgment for attorney fees and costs. Plaintiffs appealed from the order of dismissal and from the judgment awarding defendant attorney fees and costs and sought

---

[1] ORCP 21 provides:

"DEFENSES AND OBJECTIONS;
HOW PRESENTED;

BY PLEADING OR MOTION;

MOTION FOR JUDGMENT
ON THE PLEADINGS

"A. How presented. Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim * * *."

[2] ORCP 54 A.(1) provides:

"* * * [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded * * *. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

review of the trial court's order dismissing plaintiffs' complaint, pursuant to ORCP 21. On November 3, 1982, the Court of Appeals granted defendant's motion to dismiss that portion of the appeal seeking review of the order dismissing the complaint and the order of dismissal.[3]

ISSUE

> The question we consider is whether after granting a motion to dismiss under ORCP 21 for failure to state a claim, is the trial court's order of dismissal upon plaintiffs' notice given under ORCP 54 A.(1) an appealable order?

Plaintiffs cite *Farris v. U.S. Fidelity & Guaranty,* 273 Or 628, 542 P2d 1031 (1975), to support their contention that the order of dismissal instigated by plaintiffs is appealable. The plaintiffs in *Farris* brought an action in their capacity as insureds in a liability policy issued by defendant in order to recover expenses incurred in defending an action brought against them. The trial court found this complaint charged plaintiffs with intentional torts, which it held were not covered by the insurance policy. The trial court therefore allowed defendant's demurrer for failure to state facts sufficient to constitute a cause of action and plaintiffs moved for voluntary nonsuit. On review we said that the important question in such a case is whether the motion was "voluntary" or was in effect forced upon the plaintiff by the trial court's previous ruling:

> "* * * Plaintiff can only appeal from a judgment of voluntary nonsuit if the trial court has found plaintiff's complaint does not state a cause of action and plaintiff is of the opinion he cannot plead the facts any more favorably." *Id.* at 633.

Plaintiffs contend that their request for a dismissal was necessitated by the trial court's previous ruling granting defendant's motion to dismiss under ORCP 21. They claim they could not plead further and had no effective way of terminating the suit and seeking review except by requesting the dismissal.

---

[3] The Court of Appeals letter order of dismissal states:

"The Court of Appeals * * * allowed the respondent's motion to dismiss the above-entitled appeal, except as to the later judgment order awarding costs and disbursements. *See Meadowbrook v. Groves,* [60 Or App 26, 652 P2d 842 (1982)]."

We stated in *Taylor v. Baker,* 279 Or 139, 142-45, 566 P2d 884 (1977):

"Defendants first contend that 'judgments of voluntary non-suit are not appealable judgments' and that this appeal must be dismissed. In *Steenson v. Robinson,* 236 Or 414, 416-17, 385 P2d 738, [389 P2d 27] (1964), we acknowledged that '[i]t is the general rule that a party may not appeal from a judgment which he voluntarily requested.' (Annotations omitted.) The right to appeal is denied to a plaintiff requesting voluntary nonsuit as a matter of judicial policy and not because of statutory prohibition. However, the fact that the final order was entered on plaintiff's request for nonsuit does not necessarily preclude review in this case. In *Farris v. U.S. Fidelity & Guaranty,* 273 Or 628, 630-31, 542 P2d 1031 (1975), we noted that an order of nonsuit may 'determine' a case for purposes of ORS 19.010(2)(a) even though plaintiff may refile his lawsuit, and allowed appeal from a final order of voluntary nonsuit. In that case it was held that a request for voluntary nonsuit which is necessitated by a prior trial court ruling precluding recovery is not in fact voluntarily requested and should not bar appeal.

"As a policy matter, the difficulty in determining whether or not appeal should be allowed lies in separating those cases where the summary judgment determines the action from those where the plaintiff merely seeks premature appellate review of an interlocutory partial summary judgment order.

"We have consistently followed a policy of not allowing piecemeal appeals. This policy would be defeated if litigants were permitted to seek appellate review of one portion of their claim while holding other theories in abeyance, to be refiled in the event of an adverse appellate ruling.

"We believe that appeal of partial summary judgments should be generally allowed after entry of an order of nonsuit under the circumstances of this case. * * *

"* * * * *

"ORS 18.250 provides that '[w]hen a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause.' However, we do not find this provision to be applicable to cases, such as the one at bar, where the nonsuit is only the formal termination of a case which by plaintiff's own admission has in fact been determined by

the trial court's decision to grant partial summary judgment as to one count. * * *" (Footnote omitted.)

The Court of Appeals recently decided *Meadowbrook v. Groves,* 60 Or App 26, 652 P2d 842 (1982), and relied on that case in dismissing the instant appeal. In *Meadowbrook,* the trial court denied plaintiff's motion during trial to amend the complaint to add certain damages and the plaintiff elected to dismiss. The Court of Appeals, reviewing *Farris v. U.S. Fidelity & Guaranty, supra,* and *Taylor v. Baker, supra,* found this court had differentiated between voluntary nonsuits taken as a technical means for concluding trial court proceedings where the case was effectively decided by other rulings and voluntary nonsuits taken as a device to obtain piecemeal appellate review of rulings where there remains a continuing triable controversy. The Court of Appeals in *Meadowbrook,* found the plaintiff's appeal to involve the latter since the trial court's ruling had not affected several allegations of injury already in the complaint. Thus plaintiff could have appealed following that court's disposition of *all* issues. We agree with this holding, but it does not apply in this case.

The *Farris* decision, which would allow an appeal of a voluntary nonsuit after a demurrer has been sustained and where plaintiff has "no other alternative" and cannot plead the facts more favorably, is applicable.[4] An ORCP 21 motion for "failure to state ultimate facts sufficient to constitute a claim" is equivalent to the demurrer filed and sustained in *Farris.* The granting of the ORCP 21 motion and dismissal of the action, pursuant to ORCP 54 A.(1), is an appealable order.

Reversed and remanded to the Court of Appeals.

**PETERSON, J.,** concurring.

I join in the majority opinion. In future such cases, however, this court should require that the trial court

---

[4] When asked during oral argument in this court counsel for plaintiffs conceded that he could not in good faith plead further. We hold plaintiffs to this position. Plaintiffs cannot test this ORCP 21 ruling on appeal and, if unsuccessful, go back and plead that at the time they filed the original complaint they in fact had represented a majority of union members. They also admit in the petition for review they cannot plead further. Plaintiffs should have set forth this position in their notice of dismissal. However, plaintiffs have taken a legal position and they are bound by it.

record affirmatively show that the plaintiff's notice of dismissal was necessitated by a prior trial court ruling precluding recovery on the theory of recovery contained in the plaintiff's complaint.