Argued and submitted March 26, affirmed November 4, 1998, petition for review denied April 6, 1999 (328 Or 418)

Laurie Anne STOKES,
fka Laurie Meyers,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(96C-10215; CA A96608)

969 P2d 1038

Richard L. Cowan argued the cause for appellant. With him on the brief was O'Neill, Evans, Swogger & Cowan.

Erika L. Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Plaintiff appeals a summary judgment dismissing her civil claims for false imprisonment and negligence. We affirm.

The parties stipulated to the material facts in this case. In 1984, plaintiff was convicted of possession of a controlled substance (PCS) and failure to appear and was sentenced to serve two concurrent five-year prison terms. Later that year, plaintiff escaped from the Women's Release Unit. Plaintiff remained out of custody until June 14, 1994, when she was arrested for possession and lodged in the Marion County Jail. Once plaintiff was in custody, the Marion County authorities determined that plaintiff was subject to a Department of Corrections (DOC) no-bail warrant based on her 1984 escape. Bail was set on the possession charge, but plaintiff did not post bail; consequently, she remained in the custody of the Marion County authorities. If plaintiff had posted bail, she would have been released from the Marion County Jail and transported to DOC pursuant to the DOC warrant. Plaintiff ultimately filed a successful motion to suppress evidence in the case involving the 1994 possession charge, and that charge was dismissed on August 10, 1994. Plaintiff was then released from the Marion County Jail on August 11, 1994, and transported to DOC to serve the remainder of her 1984 sentence. Marion County did not send a "credit for time served" statement, and DOC did not credit plaintiff's 1984 sentence with any of the time she spent in custody in the Marion County Jail as a result of the 1994 arrest. The state also stipulated that DOC would not have credited plaintiff with the time served even if the sheriff had served the statement.

Plaintiff initiated this action against the state for false imprisonment and negligence. The trial court granted summary judgment to the state on the ground that plaintiff was not entitled to credit against the 1984 sentence, because the time she served was creditable only against any sentence that would have been imposed on the 1994 charge.

On appeal, plaintiff argues that she was falsely imprisoned because she should have received credit for the

63 days she spent in custody in the Marion County Jail because, had she been able to post bail on the 1994 charge, her detention would have been creditable towards her 1984 sentence. Plaintiff argues that by denying her credit, an individual who can post bail on a new charge, and hence be returned to DOC to serve time on the prior charge, will receive different and better treatment than an individual who cannot post bail and does not receive credit for time served until the disposition of the later charge. The state responds that the DOC detainer was not the reason for plaintiff's detention in the Marion County Jail, but instead that plaintiff was held on the 1994 charge. Only after plaintiff's release on the 1994 charge, for whatever reason, would the DOC detainer be in force. In any event, the state argues, the county sheriff did not forward a statement of time served to DOC, so DOC had no authority to credit plaintiff's sentence.

Because it is dispositive, we first address the state's alternative argument. ORS 137.320 governs the procedure for securing credit for a sentence served under the authority of DOC. It provides, in relevant part:

"(1) When a judgment includes commitment to the legal and physical custody of the Department of Corrections, *the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which the defendant is initially assigned pursuant to ORS 137.124.* If at the time of entry of a judgment, the defendant was serving a term of incarceration at the direction of the supervisory authority of a county upon conviction of a prior felony, the sheriff shall also deliver to the Department of Corrections a copy of the prior entry of judgment committing the defendant to the supervisory authority of the county of conviction and a statement of the number of days the defendant has remaining to be served on the term or incarceration imposed in the prior judgment.

"* * * * *

"(3) Upon receipt of the information described in subsection (1) * * * of this section, the Department of Corrections shall establish a case file and compute the defendant's

sentence in accordance with the provisions of ORS 137.370."

ORS 137.320 (emphasis added). ORS 137.370(2) governs the computation of a term of imprisonment in state penal or correctional facilities. It provides that, subject to exceptions not relevant to this appeal,

> "when a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes only:
>
> "(a) The time that the person is confined by any authority after the arrest for the crime for which the sentence is imposed; and
>
> "(b) The time that the person is authorized by the Department of Corrections to spend outside a confinement facility, in a program conducted by or for the Department of Corrections."

The parties stipulated that the Marion County Sheriff did not deliver, as ORS 137.320 requires, a statement of the number of days defendant was imprisoned in the Marion County Jail. The delivery of that statement by the sheriff is a prerequisite to DOC's decision to credit the time served. As the Supreme Court stated in *Gage v. Maass*, 306 Or 196, 203, 759 P2d 1049 (1988):

> "[A]lthough it is the responsibility of the Department of Corrections under ORS 137.320(3) and 137.370(2)(a) to give credit for time served after arrest for the crime for which sentence was imposed, this responsibility does not arise until the sheriff who may have had the arrestee confined has complied with the sheriff's statutory duty under ORS 137.320. That is what the statutes provide, and we perceive no reason for concluding that they do not mean what they say."

The statute requires plaintiff to seek compliance from the Marion County Sheriff, because DOC has no obligation to act until the sheriff delivers the statement of time served. As a matter of law, plaintiff cannot now maintain an action against the state, or its agency, DOC.

Affirmed.