IN THE OREGON TAX COURT
REGULAR DIVISION

Victor M. MASSE,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4673)

Victor M. Masse, Plaintiff, argued the cause *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant.

Decision for Defendant rendered December 22, 2004. Trial on remaining issues was held February 1, 2005. *See Masse II v. Dept. of Rev.,* 18 OTR 240 (2005).

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter comes before the court on a Motion to Strike filed by the Defendant Department of Revenue (the department).

## II.   PROCEDURAL HISTORY

This matter was specially designated to the Regular Division by the court after the department filed a Motion for Special Designation. Plaintiff (taxpayer) objected to special designation.

In a series of recorded case management conferences and hearings in this division, the court requested or ordered taxpayer to specify the relief that he requests and to set forth the potential legal and factual bases for such relief. In response, taxpayer and the department represented to the court that the only year remaining at issue was the 1990 income tax year, although other years had initially been specified in taxpayer's complaint. Taxpayer also admitted that the dispute as to the 1990 income tax year was with respect to penalties and interest, and not as to the underlying tax liability.

Initially, in case management conferences, taxpayer asserted that he was proceeding under ORS 305.880 and ORS 305.145,[1] each of which offers relief from penalties or interest, or both, in respect to deficiency assessments. The court directed taxpayer to specify the factual bases for any claim under those statutes. Taxpayer also indicated that he might proceed under ORS 305.265(9). The court directed taxpayer to specify in his pleading the basis or bases on which he believed that statute to be applicable to him.

Following those discussions, taxpayer made three assertions in writings given to the court: (1) he was proceeding under only ORS 305.880 and ORS 305.145 to recover interest and penalties; (2) he was not relying on ORS 305.265(9); and (3) he was questioning the correctness of the

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001 unless otherwise stated.

application of garnished funds. Taxpayer also indicated that he was aware that the department was claiming attorney fees and damages. The court permitted taxpayer to file a first amended complaint in accordance with the foregoing. The department filed a motion to strike that complaint. The court granted that motion and granted taxpayer leave to file a second amended complaint.

Taxpayer's Second Amended Complaint contained one section asserting perpetration of fraud, one section questioning application of garnished funds, and one section asserting forgery. That complaint did not address the factual elements of claims under ORS 305.880 or ORS 305.145. The department filed a Motion to Strike and a Motion to Make More Definite and Certain, each directed at the Second Amended Complaint. At a hearing on those motions, taxpayer completely abandoned his prior reliance on ORS 305.880 or ORS 305.145, and asserted that his claims were instead based on ORS 305.265(9) and (10)(f). The statutory basis of ORS 305.265 previously had been abandoned by taxpayer. The court granted the department's motions. Over the objections of the department, the court permitted taxpayer to file a third amended complaint based on subsections (9) and (10)(f) of ORS 305.265.

In his third amended complaint, taxpayer made three claims: (1) a request for a refund of tax, penalties and interest, and damages and punitive damages under ORS 305.265(9), (10)(a), (10)(f), and (11) for acts of fraud allegedly committed by employees of the department; (2) a request for correction of an incorrect application of garnished funds; and (3) a request for damages and punitive damages for alleged acts of forgery by employees of the department, and a refund of tax, penalties, and interest.

The department has moved to strike the first and third sections of taxpayer's Third Amended Complaint. This matter is before the court on that motion.

### III. ISSUES

A. Should the court strike those portions of taxpayer's Third Amended Complaint based on ORS 305.265?

B.  Should the court strike those portions of taxpayer's Third Amended Complaint relating to tort allegations?

C.  If the court strikes a portion of taxpayer's Third Amended Complaint, does taxpayer have the right to replead those or other claims?

## IV.  ANALYSIS

The department moved to strike the first and third sections of taxpayer's Third Amended Complaint pursuant to Tax Court Rule (TCR) 21 E. At oral argument, the department indicated that it filed that motion in lieu of a motion to dismiss because it understood that latter motion could not be submitted to challenge the legal sufficiency of a complaint on a claim-by-claim basis. That understanding is not entirely correct.

First, a motion to strike may be used to raise challenges similar to those raised by a motion to dismiss. As the Oregon Supreme Court has stated:

> "A motion to strike, as defined in ORCP 21 E[, upon which TCR 21 E is modeled], is directed as 'any sham, frivolous or irrelevant pleading or defense or * * * any insufficient defense * * *.' Although ORCP 21 E does not specifically state that the motion is used to test the 'legal sufficiency' of an allegation, '[a] legally insufficient allegation * * * is, in effect, a nullity, and may by stricken as either frivolous or irrelevant.' *Davis v. Tyee Industries, Inc.*, 295 Or 467, 482-83 n 14, 668 P2d 1186 (1983).

> "We have held that the motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, ORCP 21 A[, upon which TCR 21 A is modeled], also tests the 'legal sufficiency' of the pleadings and 'is equivalent to the [former] demurrer.' *Paddock v. McDonald*, 294 Or 667, 672, 661 P2d 545 (1983)."

*Lane v. Maass*, 309 Or 671, 675, 790 P2d 1137 (1990). In cases such as this, where the department is challenging the legal sufficiency of claims, the department may proceed by way of a motion to strike. Second, either a motion to strike or a motion to dismiss may be directed at a specific claim rather than the whole pleading. In *Dotson v. Smith*, 307 Or 132, 137, 764 P2d 540 (1988), the Supreme Court indicated that ORCP

21 challenges may be made claim by claim, and this court will follow that analysis as well as the conclusion that motions to strike may test legal sufficiency.

██ Here the department has not alleged that taxpayer's pleadings are a "sham" and, therefore, the court will address whether those arguments are "frivolous or irrelevant." TCR 21 E. The court will analyze whether taxpayer's claims are "frivolous or irrelevant" under the same legal standard as that of a TCR 21 A motion to dismiss. For the purposes of this motion only, the court accepts allegations in taxpayer's pleadings as true and gives taxpayers "the benefit of all reasonable inferences that may be drawn from those allegations." *Lourim v. Swenson*, 328 Or 380, 387-88, 977 P2d 1157 (1999).

A. *First Section: ORS 305.265 Claims*

In its written and oral arguments related to the first section of taxpayer's Third Amended Complaint, the department observes that taxpayer had been permitted to replead under only ORS 305.265(9) and (10)(f). Indeed, taxpayer requested, and the court only granted, leave to file claims on those statutory bases. Notwithstanding that limited grant to amend his complaint under specific statutory bases, taxpayer proceeded to plead claims under ORS 305.265(9), (10)(a), (10)(f), and (11). Nonetheless, the court will consider the additional claims.

As to ORS 305.265(9), the department argues that, during the relevant period, relief from interest and penalties was available only when the department failed to hold a requested conference within one year of the date of a notice of deficiency. The department asserts that because taxpayer did not file a return for the 1990 year prior to its original action of issuing a notice of determination and assessment (NODA), the provisions of ORS 305.265(9) do not apply to taxpayer. Taxpayer disagrees and asserts that the department's alleged failure to hold a hearing in response to an appeal later filed by him in respect to the NODA can constitute the predicate act or failure required by ORS 305.265(9).

■ ■　Taxpayer's position is not well taken. During all potentially relevant times, ORS 305.265 clearly distinguished between situations in which a return is filed and audited, as opposed to situations, as taxpayer admits is his case, in which no return is timely filed. The relief from interest and penalties resulting from tardy department scheduling of a conference is available only in cases when a return is filed and a notice of deficiency is issued.[2] Taxpayer has made no assertion in his pleadings that, before 2001, he filed a return or that the department issued a notice of deficiency. Further, taxpayer has admitted in court that his return for the 1990 income tax year was not submitted until 2001. Because taxpayer originally did not file a return, the department proceeded to issue a NODA. In such cases, conferences of the type contemplated by ORS 305.265(9) are not available, at least as to the NODA.

■　Taxpayer then asserts that because he ultimately filed a return for 1990 in 2001, long after the issuance of the NODA by the department, he is entitled to relief under ORS 305.265(10)(a), (10)(f), and (11). His arguments do not have merit. ORS 305.265(10)(a) provides no relief to taxpayers from interest or penalties, but specifies the authority of the department to issue a NODA. ORS 305.265(10)(f) authorizes the department to reduce an assessment contained in a NODA if it accepts a later filed return. Taxpayer has not pleaded that the department accepted his later filed return. The record indicates that the department did receive taxpayer's 1990 Oregon income tax return in 2001 and apparently made some calculations on the basis of that return as to income tax owed by taxpayer. However, even if the department accepted the return, ORS 305.265(10)(f) does not provide relief from interest or penalties unless the department chooses to reduce those. The statute creates no right, enforceable in this court, to have interest or penalties reduced or refunded.

---

[2] Before September 1, 1997, a potential hearing right did not exist until the conference was held. ORS 305.265 (1995). After September 1, 1997, the conference occurred or occurs before an assessment.

█ ORS 305.265(10)(f) does provide that if a late return is filed and accepted, the department may reduce the assessment made in the NODA. ORS 305.265(10)(f) also provides that if a late return is accepted, it is subject to all provisions of ORS 305.265. If such a return were to be audited and a deficiency notice were to be issued, it is possible that the penalty and interest reduction rules of ORS 305.265(9) could apply as to a notice of deficiency and a failure to hold a timely conference after such a deficiency notice was given. Taxpayer has made no claim, and the record does not indicate, that such a deficiency notice was issued.

At the hearing on this motion, taxpayer indicated that his reliance on ORS 305.265(11) was only with respect to tort claims made in his complaint; therefore, the court will not address that statute apart from the treatment of tort claims.

As to all assertions made under ORS 305.265(9), (10)(a), and (10)(f), the court concludes that taxpayer has failed to state ultimate facts sufficient to constitute a claim. TCR 21 A(8). As such, those assertions are frivolous or irrelevant. *See Lane*, 309 Or at 675. Therefore, the court may, and will, also treat that as a sufficient basis for granting the department's motion to strike. *Id.* Section one of taxpayer's Third Amended Complaint as relates to ORS 305.265(9), (10)(a), and (10)(f) is stricken.

B. *Taxpayer's Tort Claims and Claims for Damages*

█ In the first and third sections of his Third Amended Complaint, taxpayer made claims for relief in the form of compensatory and punitive damages for alleged wrongful behavior by employees of the department.[3] This court has jurisdiction only in respect of issues arising under the tax laws of this state. Taxpayer asserts that this court has jurisdiction to hear what he concedes are tort claims because the alleged torts occurred in the process of tax administration. That is not the law. The Oregon Supreme Court stated over 20 years ago that:

---

[3] One element of taxpayer's claim, apparently, is failure by the department to comply with ORS 305.265(11). The record indicates taxpayer ultimately received the NODA, regardless of alleged mailing errors.

"A tort is not a tax matter simply because the tortfeasors are tax assessors. Plaintiff's tax claims are unaffected by whether the assessors committed any torts. Even if defendants maliciously harassed plaintiff, the assessment may be correct."

*Sanok v. Grimes*, 294 Or 684, 697-98, 662 P2d 693 (1983).

The holding and reasoning of *Sanok* is fully applicable in this case. The court in *Sanok* demonstrated the proper method of inquiry in such matters. In that case, qualification of property for special assessment had been denied and the plaintiff complained about the denial and allegedly tortious actions of the assessment officials during the process of the denial. *Id.* at 697-98. The court noted:

"The regulations * * * define that status in terms of the objective uses of the land * * *. Eligibility for the tax status depends on the actual or planned use of the land for growing marketable trees, not on misdeeds of officials. Tortious misconduct of the assessors, however heinous, does not qualify plaintiff's land for that tax status."

*Id.* at 698.

Here, the facts giving rise to taxpayer's tax claim are distinct from those potentially relevant to any tort claim he might have. Taxpayer was provided an opportunity to plead facts relevant to a claim for interest and penalty elimination under ORS 305.880 and ORS 305.145. He chose not to do so. Taxpayer was then given an opportunity to plead facts relevant to a claim for interest and penalty elimination under ORS 305.265. The facts relevant to a claim for such relief are the existence and date of a notice of deficiency, and the date of any conference conducted following the issuance of a notice of deficiency. Those facts are distinct from facts on which a tort claim might be based.

Based on the foregoing, the court concludes that insofar as the first section of taxpayer's complaint makes a claim for tort damages, that is a claim over which this court has no jurisdiction. The court concludes that is also true for the third section of taxpayer's complaint. As such, those

claims are, in this court, a legal "nullity, and may be stricken as either frivolous or irrelevant." *Lane*, 309 Or at 675.[4]

## C. *Effect of Striking a Portion of Taxpayer's Complaint*

Taxpayer asserts that if, as concluded above, only part of his pleading is stricken, he has a right to amend his pleading and that he may replead any or all of his claims. In support of that assertion, taxpayer cites TCR 25 A, which states:

> "When a motion to dismiss or a motion to strike an entire pleading or a motion for a judgment on the pleadings under Rule 21 is allowed, the court may, upon such terms as may be proper, allow the party to amend the pleading. *In all cases where part of a pleading is ordered stricken, the pleading shall be amended in accordance with Rule 23 D.* By amending a pleading pursuant to this section, the party amending such pleading shall not thereby be deemed to have waived the right to challenge the correctness of the court's ruling."

(Emphasis added.) Here the court has stricken only a portion of taxpayer's complaint and, therefore, the applicable amendment rule is TCR 23 D, which provides:

> *"When any pleading is amended before trial,* mere clerical errors excepted, *it shall be done* by filing a new pleading, to be called the amended pleading, or *by interlineation, deletion, or otherwise.* Such amended pleading shall be complete in itself, without reference to the original or any proceeding amended one."

(Emphasis added.)

Read together neither TCR 25 A nor TCR 23 D permits repleading as a matter of right. Those rules merely contemplate an amendment, which may be accomplished by "interlineation, deletion, or otherwise." TCR 23 D. Here, the court will delete by interlineation the material contained in the department's motion, as supplemented by its letter to the

---

[4] Lack of jurisdiction is described in TCR 21 A(1). It is the same type of defect as failure to state facts constituting a claim under TCR 21 A(8) for purposes of permitting consideration under a TCR 21 E motion to strike.

court dated September 28, 2004. The resulting pleading is section two of taxpayer's Third Amended Complaint.

This result is especially applicable here when the court has granted taxpayer numerous opportunities to plead his case and has considered claims beyond those he was specifically permitted to replead.

## IV. CONCLUSION

Based on the foregoing, the court grants the department's Motion to Strike as supplemented. The court will strike sections one and three of the Plaintiff's Third Amended Complaint. This case is continued for trial of claims contained in the second section of taxpayer's complaint, the department's claim for attorney fees, and the department's claim for damages under ORS 305.437. Now, therefore,

IT IS ORDERED that Department's Motion to Strike Plaintiff's Third Amended Complaint is granted; and

IT IS FURTHER ORDERED that trial will proceed as scheduled.