Argued January 11, affirmed February 1, 1973·

# SACKETT ET UX, *Appellants, v.* MITCHELL ET UX, *Respondents.*

505 P2d 1136

*Eric C. Larson,* Gresham, argued the cause for appellants. On the brief were Burns & Lock and Terry G. Hannon, Gresham.

*Raul Soto-Seelig,* Portland, argued the cause for respondents. With him on the brief was Paul J. Rask, Portland.

TONGUE, J.

This is a suit in equity to foreclose a mortgage. On trial, to avoid a failure of proof of the allegations of their complaint, as pleaded, plaintiffs moved for leave to file an amended complaint. The trial court denied that motion, but with leave for plaintiffs to move for a dismissal without prejudice, so as to permit plaintiffs to refile a new complaint. That motion was then made by plaintiffs and allowed.

Before the entry of the written decree, defendant moved for allowance of attorney fees. Plaintiffs also apparently discovered that they might have difficulty

in obtaining service of a new complaint on all defendants. Plaintiffs then moved to set aside the order dismissing their complaint without prejudice and for leave to file an amended complaint. That motion was denied. The court also, over plaintiffs' objection, entered the decree dismissing plaintiffs' complaint without prejudice and allowing $350 to defendants as attorney fees.

Plaintiffs appeal and assign as error the denial of their motion to amend their complaint, the denial of their motion to set aside the order of dismissal without prejudice, and the allowance of attorney fees to defendants.

■ The allowance of a motion to amend pleadings, particularly on trial, and a motion to set aside a previous order or decree are both ordinarily within the discretion of the trial court, subject to reversal only for abuse of discretion. We have examined the entire record and hold that the trial court did not abuse such discretion in this case. We do not agree with plaintiffs' contention that they had absolute right to demand that the trial court set aside a judgment of dismissal without prejudice, even though they may have had the right to have their complaint dismissed without prejudice.

■■ We also hold, contrary to plaintiffs' contention, that a judgment or decree of dismissal without prejudice under ORS 18.220, as in this case, is a "final determination of the rights of the parties," as defined by ORS 18.010, and is also a "final judgment or decree" for the purpose of the allowance of attorney fees under ORS 20.096(3). We also reject plaintiffs' contention that ORS 20.096, as adopted in 1971, is prospective only in its application, having recently held in *Dean Vincent, Inc. v. Chamberlain,* 264 Or 187, 504 P2d 722

(1972), that this statute is retroactive in its application to contracts in existence before the effective date of the statute, so as to be properly applicable in this case.

Affirmed.[1]

---

[1] Defendants ask that we reconsider our reinstatement of plaintiffs' appeal, after originally granting defendants' motion to dismiss plaintiffs' appeal in this case as not timely filed. We reinstated plaintiffs' appeal with leave to defendants to renew on briefs and argument their contention that plaintiffs' appeal be dismissed. Because we affirm the decree of the trial court and because the circumstances relating to the filing of plaintiffs' notice of appeal were so unusual as to be unlikely to occur again, we need not reconsider defendants' motion to dismiss this appeal.