Argued and submitted July 8, affirmed October 27, 1982

MEADOWBROOK et ux,
*Appellants,*
*v.*
GROVES et al,
*Respondents.*

(No. 113388, CA 19602)

652 P2d 842

J. R. Perkins, III, The Dalles, argued the cause and filed the brief for appellants. On August 20, 1982, Paul B. Meadowbrook was substituted as attorney for appellants.

H. William Barlow, Salem, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs moved the trial court for voluntary dismissal of their action. ORCP 54A(2). They appeal from the resulting judgment dismissing their complaint without prejudice and awarding costs and attorney fees to defendants. Before the record on appeal was transmitted to us, defendants moved this court to dismiss the appeal on the ground, *inter alia,* that the trial court's order is not appealable. We denied the motion with leave to renew. We now conclude that only the portion of the judgment awarding costs and attorney fees is reviewable. We affirm that award.

The relevant procedural events can be briefly summarized. During the direct examination of plaintiff Paul R. Meadowbrook, his attorney asked him about certain expenses that plaintiffs sought as damages in their prayer but were not alleged in the body of the complaint. Defendants' objection to the question was sustained. Plaintiffs moved to amend their complaint by adding the specification of damages to the allegations. The trial court denied that motion. Although there were allegations of injury in the complaint that were not effected by those rulings and that, at least at that point in the proceedings, were still viable, plaintiffs elected to move for voluntary dismissal rather than proceed. That motion was allowed.

Plaintiffs argue here that the trial court erred by sustaining the objection to the question, by denying the motion to amend and by awarding attorney fees. The threshold question is what is reviewable. The award of costs and attorney fees clearly is. *See Sackett v. Mitchell,* 264 Or 396, 398, 505 P2d 1136 (1973), and note 2, *infra.* Whether the portion of the judgment dismissing the complaint without prejudice is also reviewable is a closer question.

The applicable Oregon law and the rationale for it were explained in *Taylor v. Baker,* 279 Or 139, 566 P2d 884 (1977), where the plaintiff had taken a voluntary nonsuit after the defendants' motion for partial summary judgment was allowed. The Supreme Court stated:

> "Defendants first contend that 'judgments of voluntary non-suit are not appealable judgments' and that this appeal must be dismissed. In *Steenson v. Robinson,* 236 Or

414, 416-17, 385 P2d 738, [389 P2d 27] (1964), we acknowledged that '[i]t is the general rule that a party may not appeal from a judgment which he voluntarily requested.' (Annotations omitted.) The right to appeal is denied to a plaintiff requesting voluntary nonsuit as a matter of judicial policy and not because of statutory prohibition. However, the fact that the final order was entered on plaintiff's request for nonsuit does not necessarily preclude review in this case. In *Farris v. U.S. Fidelity & Guaranty,* 273 Or 628, 630-31, 542 P2d 1031 (1975), we noted that an order of nonsuit may 'determine' a case for purposes of ORS 19.010(2)(a) even though plaintiff may refile his lawsuit, and allowed appeal from a final order of voluntary nonsuit. In that case it was held that a request for voluntary nonsuit which is necessitated by a prior trial court ruling precluding recovery is not in fact voluntarily requested and should not bar appeal.

"As a policy matter, the difficulty in determining whether or not appeal should be allowed lies in separating those cases where the summary judgment determines the action from those where the plaintiff merely seeks premature appellate review of an interlocutory partial summary judgment order.

"We have consistently followed a policy of not allowing piecemeal appeals. This policy would be defeated if litigants were permitted to seek appellate review of one portion of their claim while holding other theories in abeyance, to be refiled in the event of an adverse appellate ruling.

"We believe that appeal of partial summary judgments should be generally allowed after entry of an order of nonsuit under the circumstances of this case. * * *

"* * * * *

"ORS 18.250 provides that '[w]hen a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause.' However, we do not find this provision to be applicable to cases, such as the one at bar, where the nonsuit is only the formal termination of a case which by plaintiff's own admission has in fact been determined by the trial court's decision to grant partial summary judgment as to one count. * * *" 279 Or at 142-45. (Footnote omitted.)[1]

---

[1] After *Taylor* was decided, ORS 18.250 was repealed by Or Laws 1979, ch 284, § 199. As relevant here, the language of ORS 18.250 quoted by the court is similar to the provision of ORCP 54A(2) that:

In *Farris v. U. S. Fidelity & Guaranty,* 273 Or 628, 542 P2d 1031 (1975), the court held that a voluntary nonsuit, taken after the trial court sustained a demurrer on the ground that the complaint failed to state a cause of action, was appealable. The court stated:

> "The rationale * * * is that if the plaintiff were permitted to appeal from any voluntary nonsuit, plaintiff could harass the defendant by nonsuits and appeals. Plaintiff can only appeal from a judgment of voluntary nonsuit if the trial court has found plaintiff's complaint does not state a cause of action and plaintiff is of the opinion he cannot plead the facts any more favorably." 273 Or at 633.

In both *Taylor* and *Farris,* the court differentiated voluntary nonsuits taken as the technical means of concluding trial court proceedings in cases that were effectively decided by other rulings and voluntary nonsuits taken as a device to obtain piecemeal appellate review of particular rulings in cases where there is a continuing triable controversy. The present case clearly comes within the latter category. As noted, plaintiffs made several allegations of injury that were not affected by the trial court's denial of their motion to amend the complaint. The court's rulings on the objection and the motion to amend could have been challenged by plaintiffs in an appeal following the trial court's disposition of all of the issues. We hold that the portion of the judgment dismissing the complaint is not reviewable.[2]

---

"Unless otherwise specified in the judgment of dismissal, a dismissal under this subsection is without prejudice."

[2] In *Sackett v. Mitchell,* 264 Or 396, 505 P2d 1136 (1973), the plaintiffs successfully moved to dismiss without prejudice after the trial court had denied their motion to amend their complaint. They appealed, assigning error to the denial of the motion to amend, the denial of their motion to set aside the dismissal and the award of attorney fees to the defendants. The court reached the merits of the appeal and stated:

> "We also hold, contrary to plaintiffs' contention, that a judgment or decree of dismissal without prejudice under ORS 18.220, as in this case, is a 'final determination of the rights of the parties,' as defined by ORS 18.010, and is also a 'final judgment or decree' for the purpose of the allowance of attorney fees under ORS 20.096(3). * * *" 264 Or at 398.

*Sackett* was decided before *Farris* and *Taylor.* In *Flying Tiger Line v. Portland Trading Co.,* 290 Or 605, 624 P2d 117 (1981), the court said:

> "* * * In *Sackett,* plaintiffs moved and obtained a dismissal of a suit without prejudice to filing a new complant, so it is true that the parties' rights

■    Plaintiffs' assignment of error regarding the award of attorney fees is reviewable. Plaintiffs' principal argument is that the court awarded attorney fees for the legal services provided defendants in connection with all of plaintiffs' claims for relief, but that attorney fees were properly recoverable only for one or two of the four claims. We do not reach the merits of the argument, because nothing in plaintiffs' assignment of error or argument tells us where, if at all, that objection was made to the trial court. ORAP 7.19(2); *see Lord Electric Co. v. Pac. Intermountain Exp. Co.,* 282 Or 335, 341-42, 578 P2d 776 (1978).[3]

Affirmed.

---

were not settled with finality; but defendants were 'prevailing parties' and entitled to attorney fees because the dismissal was a final decree in that suit. * * *" 290 Or at 608.

We understand *Flying Tiger* as restricting the finality language in *Sackett* to the issue of whether attorney fees are recoverable.

[3] Although it is not clear from the trial court file, it appears that plaintiffs requested a hearing on the award of attorney fees but that no hearing was held. The *apparent* explanation is that the trial court considered the request untimely; however, that is not conclusively documented in the file. Plaintiffs do not argue on appeal that the *procedure* the trial court followed in connection with the award of costs and attorney fees was incorrect.