Sharon S. WOODS,
*Appellant,*

*v.*

FIRST AMERICAN TITLE
INSURANCE COMPANY OF OREGON, INC.
and Donald Polly,
*Respondents.*

(16-89-01022; CA A61837)

798 P2d 1121

James N. Westwood, Bruce A. Rubin and Miller, Nash, Wiener, Hager & Carlsen, Portland, for petition.

No appearance *contra.*

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Joseph C. J., *vice* Graber, former P. J.

## EDMONDS, J.

Defendants petition for review of our opinion reversing the trial court's dismissal of plaintiff's claim for intentional infliction of emotional distress under ORCP 21A(8). 102 Or App 343, 794 P2d 454 (1990). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and adhere to our opinion.

Plaintiff sued for intentional infliction of emotional distress and defamation. The trial court entered a judgment of dismissal with prejudice as to the emotional distress claim under ORCP 21A(8), after which plaintiff voluntarily dismissed her claim for defamation, without prejudice. She then appealed the dismissal of her first claim. We reversed, concluding that the trial court erred in holding that the complaint did not allege facts sufficient to state a claim for intentional infliction of emotional distress. 102 Or App at 348.

In the petition, defendants argue for the first time that, under *Meadowbrook v. Groves,* 60 Or App 26, 652 P2d 842 (1982), we must dismiss the appeal for lack of a final judgment, because respondent could refile her claim for defamation. ORS 19.010. In *Meadowbrook,* we held that a judgment voluntarily dismissing a complaint without prejudice was not reviewable. We said:

> "[The Oregon Supreme Court has] differentiated voluntary nonsuits taken as a technical means of concluding trial court proceedings in cases effectively decided by other rulings and voluntary nonsuits taken as a device to obtain piecemeal appellate review of particular rulings in cases where there is a *continuing triable controversy.*" 60 Or App at 30. (Emphasis supplied.)

We concluded that the *Meadowbrook* facts came within the last category, because the trial court had denied leave to amend a complaint to add a new specification of damages. We held that the underlying judgment did not prevent the plaintiff from taking further action on the allegations of injury that were not affected by the court's rulings.

*Meadowbrook* is inapposite, because the case before us no longer involves a "continuing triable controversy." Rather, *Taylor v. Baker,* 279 Or 139, 566 P2d 884 (1977), is controlling. There, the court held that, in an action involving two counts arising out of the same "aggregate of operative

facts," a final order of voluntary nonsuit did not preclude the plaintiff from obtaining review of an order allowing a partial summary judgment on one of the counts. It said:

> "We believe that appeal of partial summary judgments should be generally allowed after entry of an order of nonsuit under the circumstances of this case. The doctrine of res judicata should prevent the problems of piecemeal appeal that would argue against allowing such appeal.
>
> "* * * * *
>
> "Res judicata applies not only to every claim included in the pleadings but also to every claim which could have been alleged under the same 'aggregate of operative facts which compose a single occasion for judicial relief.'
>
> "A plaintiff's willingness to forego litigation on alternate theories should be sufficient to guarantee that the partial summary judgment had the effect of rendering plaintiff's nonsuit truly involuntary." 279 Or at 143. (Citations omitted.)

Here, plaintiff brought two claims that arose out of the same "aggregate of operative facts." Because she proceeded to judgment on her emotional distress claim, she is barred, under *Taylor,* by *res judicata* from litigating the defamation claim arising out of the same operative facts, and so there no longer exists a "continuing triable controversy."

■ Defendants next maintain that we applied the incorrect standard of review when we gave plaintiff the benefit of all inferences that could reasonably be drawn from the facts pled. 102 Or App at 345. They point out that, when the issue is the sufficiency of a complaint to allege a claim, two inconsistent standards of review exist in Oregon. *Adams v. Oregon State Police,* 289 Or 233, 240-41, 611 P2d 1153 (1980).[1] They

---

[1] In *Adams,* the court said:

"This court has not been entirely consistent in its assessment of the sufficiency of allegations tested by general demurrer. At one end of the spectrum are cases such as *Sponseller v. Meltebeke,* 280 Or 361, 363-64, 570 P2d 974 (1977), in which we have stated and applied the strict rule:

" 'In considering the sufficiency of a complaint upon demurrer, we must presume that plaintiff has stated his case as strongly as the facts will permit, and that the complaint must therefore be construed most strongly against the plaintiff.'

"At the other end of the spectrum is *Mezyk v. National Repossessions,* 241 Or 333, 336, 405 P2d 840 (1965), where we held that sufficiency of an allegation to

contend that we should have presumed that plaintiff had stated her case as favorably as possible and should, therefore, have construed the allegations most strongly against her.

On reconsideration, we conclude that our decision is not affected by which standard we apply.[2] In our initial opinion, we concluded that the allegations of the complaint were sufficient to state a cause of action for intentional infliction of emotional distress, because

> "[f]alsely accusing someone of being a liar, a thief and a fraud before a third person, knowing that the accusations are not true, and persuading a police officer to harass the accused person on the basis of those assertions, constitute more than every-day rude behavior." 102 Or App at 348. (Citation omitted.)

Defendants contend that we could have reached that conclusion "[o]nly through the most generous of inferences" and that our choice of a liberal standard of review "may well have determined [our] resolution in this case." We disagree. Even if we construe the complaint *against* plaintiff, we reach the same conclusion. Her complaint alleges that defendant Polly called the police and "persuaded" an officer to investigate; that Polly knew or should have known that plaintiff was innocent of any wrongdoing; that Polly's conduct was intended to exact retribution because of a failed business transaction; and that it was intended to inflict severe emotional distress. On the basis of those allegations alone, plaintiff has alleged conduct that falls outside the bounds of socially tolerable conduct. Therefore, our decision is the same, even if we were to presume that she has stated her case as strongly as the facts will permit.

---

withstand attack by general demurrer must be decided

> " 'upon the basis of any facts that conceivably could be introduced under the allegations * * *.'
>
> "* * * * *
>
> "Obviously, in the cases just mentioned, the end of the journey was preordained by the gate chosen for entry upon the journey. We do not regard this case as a particularly suitable vehicle for trying to select a firm rule, *i.e.*, to choose the gate through which entry should always be made." 289 Or at 239.

*See also McDonald v. Title Insurance Co. of Oregon,* 49 Or App 1055, 621 P2d 654 (1980).

[2] Given that conclusion, we need not decide which standard applies here, or whether defendants are correct in viewing them as inconsistent.

Petition for reconsideration allowed; former opinion adhered to.[3]

---

[3] Defendants also challenge the merits of our original opinion. The challenge does not merit discussion.