Argued and submitted November 22, 1991, judgment on contract claim reversed; otherwise affirmed May 13, 1992

George HIRSOVESCU,
*Respondent,*

*v.*

SHANGRI-LA CORPORATION,
*Defendant,*

*and*

Shirley F. TRIBBETT,
David Weigandt, Mary Lee Faye,
Charles McLawhorn and E. B. Bossatti,
*Appellants.*

(87C-12066; CA A64595)

831 P2d 73

Paul H. Krueger, Salem, argued the cause for appellants. With him on the brief was Clark, Lindauer, McClinton, Krueger, Fetherston & Edmonds, Salem.

Susan D. Marmaduke, Portland, argued the cause for respondent. With her on the brief were Mary Fisher Rice and Olson & Marmaduke, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff brought this action for breach of contract, wrongful discharge and conversion against defendant Shangri-La, Inc., an Oregon non-profit corporation, and the members of its board of directors. The jury found for plaintiff on the breach of contract and wrongful discharge claims. Only the individual defendants appeal.[1] We reverse the judgment on the contract claim and otherwise affirm.

■  Defendants assign error to the court's denial of their motions for directed verdict on each claim. We examine the evidence in the light most favorable to the plaintiff and will reverse a denial of a directed verdict "only if there was no evidence from which a jury could have found the necessary facts." *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984); *Adams v. Knoth*, 102 Or App 238, 243, 794 P2d 796 (1990).

Shangri-La, Inc., operates a government-funded residential care center for mentally disabled persons. Plaintiff entered an employment contract with the corporation in July, 1987. He worked as a maintenance man but was fired in November, 1987. The parties disagree about the reason for the discharge.

■  The court erred when it denied the motion for directed verdict on the breach of contract claim.[2] Plaintiff contracted with the corporation, not with the individual defendants. He knew when he signed the contract that they were agents with either express or implied authority to enter into a contract that would bind the corporation, a disclosed principal. *Restatement (Second) Agency* § 320 provides:

> "Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."

*See Wiggins v. Barrett & Associates, Inc.*, 295 Or 679, 698, 669 P2d 1132 (1983).

---

[1] Defendant corporation also appealed, but it settled with plaintiff and its appeal was dismissed.

[2] Because we reverse the judgment for breach of contract, we need not address defendants' other assignment of error and argument related to the contract claim.

■    Defendants make two arguments in support of their assignment of error on the wrongful discharge claim: (1) They were exercising their statutory authority when they fired plaintiff, and so ORS 65.369(1)[3] limits their liability "to acts of gross negligence and intentional acts"; and (2) no evidence supports the claim that plaintiff was wrongfully discharged. ORS 65.369(1) does not affect defendants' liability for intentional misconduct in the performance of their duties. If they wrongfully discharged plaintiff, they committed an intentional tort, not simple negligence. *See Delaney v. Taco Time Int'l*, 297 Or 10, 681 P2d 114 (1984); *Nees v. Hocks*, 272 Or 210, 536 P2d 512 (1975). The statute does not shield defendants from liability for wrongful discharge.

■    To prove a claim for wrongful discharge, a plaintiff must introduce evidence that the discharge was carried out either because the employee exercised a job-related right or complied with a public duty. *Sheets v. Knight*, 308 Or 220, 230, 779 P2d 1000 (1989). Plaintiff sought to prove that he was fired for fulfilling an important societal obligation to make good faith reports of patient abuse in the care center. We held in *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or App 107, 684 P2d 21 (1984), that a discharge would be actionable if an employee proved that she had been terminated for threatening to report a nursing home administrator's conduct to a proper governmental body when she believed, in good faith, that the conduct violated a patient's rights under a patient protection law. In *McCool v. Hillhaven Corporation*, 97 Or App 536, 540, 777 P2d 1013 (1989), we held that the limited statutory remedy in ORS 659.035, which was enacted after our decision in *McQuary*, forbidding discrimination against workers for making good faith reports of possible violations of nursing home patients' rights did not preclude a claim for wrongful discharge.

■ ■    A jury could have found that plaintiff was fired because, in good faith, he disclosed information about dangerous conditions and potential physical abuse of residents to

---

[3] *ORS 65.369(1) provides:*

   "The civil liability of a qualified director for the performance or nonperformance of the director's duties shall be limited to gross negligence or intentional misconduct."

a representative of the Oregon Mental Health and Developmental Disability Services Division, a state agency that had extensive authority over the management of the care center and was responsible for overseeing the facility's compliance with federal and state statutes and regulations regarding the treatment, health and safety of residents. ORS 430.010(3)(c); ORS 430.021; ORS 430.030; ORS 430.610 *et seq.* In addition, a jury could have found that he reported the information to his supervisors, who he knew were cooperating with a criminal investigation by the Marion County District Attorney of possible patient abuse at the center, and did that to support the investigation. There was evidence that respondent was an excellent employee who had satisfactorily performed his duties and that he was fired within days after making the reports. A supervisor who had cooperated with the District Attorney's investigation was also fired a few days before plaintiff's termination and the announced reasons for that firing were false.

Although defendants introduced evidence that plaintiff was fired for inadequate performance concerning a water contamination problem and for insubordination, the jury could have found that those reasons were false or were exaggerated to provide an excuse. When the motive for a discharge is in dispute, and the evidence is subject to more than one interpretation, the resolution of the issue is properly left to the trier of fact. The trial court did not err in denying the motion for directed verdict on the wrongful discharge claim.

Judgment on contract claim reversed; otherwise affirmed.