Argued and submitted June 8, reversed and remanded in part; otherwise affirmed
September 29, 1993

Jennifer L. McGANTY,
*Appellant,*

*v.*

Robert L. STAUDENRAUS
and Metropolitan Agencies, Inc.,
*Respondents.*

(CV91-357; CA A75978)

859 P2d 1187

Gary A. Rueter, McMinnville, argued the cause for appellant. With him on the briefs was Haugeberg, Rueter, Stone, Gowell & Fredricks, P.C., McMinnville.

Jeffrey M. Batchelor, Portland, argued the cause for respondents. With him on the brief were Jill Goldsmith Dinse, Portland, and Lane Powell Spears Lubersky, Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals from a judgment dismissing her claims for intentional infliction of severe emotional distress, wrongful discharge and intentional interference with an economic relationship. ORCP 21A(8). Defendants cross-assign error to the denial of their motion to dismiss plaintiff's breach of contract claim. ORCP 21A(8). We affirm in part and reverse in part.

Plaintiff was an employee of defendant Metropolitan Agencies, Inc. (Metropolitan), a collection agency. Defendant Staudenraus is president and a shareholder in Metropolitan and was plaintiff's immediate supervisor. Plaintiff alleges that, shortly after she was hired, defendants subjected her to a continuing course of sexual harassment and abuse from January, 1989, through August, 1990, in the form of "unwelcome" sexual advances and comments and physical contact. The contact consisted of Staudenraus rubbing his hands and body against her shoulders, back and buttocks. She further alleges that defendants "deliberately created, maintained and permitted" the harassment knowing that it would force her to resign and that she ultimately did resign.

In reviewing a motion to dismiss, we review the complaint and consider as true the facts alleged and all reasonable inferences that may be drawn therefrom. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). To state a claim for intentional infliction of severe emotional distress, plaintiff must allege, *inter alia*, that defendants intended to inflict severe emotional distress on her. *Sheets v. Knight*, 308 Or 220, 236, 779 P2d 1000 (1989). Apparently, the trial court dismissed the claim believing that plaintiff did not allege that defendants intended to inflict severe emotional distress. However, the complaint "need not contain the 'magic words' of 'specific intent' if the pleaded facts fairly permit an inference of specific intent." *Franklin v. PCC*, 100 Or App 465, 470, 787 P2d 489 (1990). Plaintiff has pleaded facts[1] that, if

---

[1] Plaintiff alleges, in part:

"5.

"Defendants' conduct was extreme, and beyond the reasonable limits of acceptable social conduct, and as a direct and proximate result thereof, Plaintiff

true, are sufficient to show that defendants specifically intended to cause her severe emotional distress.[2] The trial court erred in dismissing plaintiff's claim for intentional infliction of emotional distress.

■ ■     Plaintiff also assigns error to the dismissal of her wrongful discharge claim. She alleges that she was constructively discharged. Defendants argue that plaintiff has not alleged that she was discharged for exercising rights related to her role as an employee, or that she was discharged in retaliation for pursuing her rights. To state a claim for wrongful discharge, plaintiff must allege, *inter alia*, that she was discharged for exercising a job-related right. *Sheets v. Knight, supra*, 308 Or at 230; *see also Hirsovescu v. Shangri-La Corp.*, 113 Or App 145, 158, 831 P2d 73 (1992). As *Holien v. Sears, Roebuck and Co.*, 298 Or 76, 90, 689 P2d 1292 (1984), makes clear, sexual harassment on the job by a supervisor is a forbidden discriminatory act. *See* ORS 639.030(1) and 42 USC § 2000e (1964). Retaliatory discharge of an employee for resisting such harassment is a tortious act. In this case, the job-related right alleged by plaintiff as the cause of her constructive discharge was her right to resist defendants' sexual harassment during hours of employment. It is the discharge following plaintiff's rightful resistance to sexual harassment, not the harassment itself, that is the gravamen of the claim. *See Holien v. Sears, Roebuck and Co., supra.* Because of the duration of defendants' conduct, there is a reasonable inference that plaintiff's resistance to Staudenraus' "unwelcome" conduct resulted in his continuing to sexually harass her until she either submitted to his

---

became upset, embarrassed, humiliated and angry, causing her to suffer severe physical, emotional and psychological distress, damaging her as follows: [alleging both economic and non-economic damages].

"6.

"Defendants' conduct was intentional and voluntary and Defendants knew or should have known that their actions would cause severe physical, emotional and psychological distress and injury."

Because plaintiff alleged that defendants knew their conduct alleged in paragraph 6 would cause emotional distress, her alternative allegation that they "should have known" is superfluous.

[2] Plaintiff argues that her employment status created a special relationship that lowered the requisite level of intent. Because of our resolution of this issue, we need not address that argument.

advances or quit her job. Plaintiff alleges that she "had no reasonable alternative to defendants' course of conduct than to resign," and that defendants "deliberately created, maintained and permitted working conditions which defendants knew or should have known would force plaintiff to resign." Those are allegations that plaintiff was constructively discharged for exercising a job-related right.[3]

■■ Plaintiff also assigns error to the dismissal of her intentional interference with an economic relationship claim against Staudenraus. In order to maintain a claim for intentional interference with an economic relationship against a co-employee, the co-employee's actions that interfere with the employer's contract with the plaintiff must be done without any motive to benefit the employer. *Welch v. Bancorp Management Services*, 296 Or 208, 216, 675 P2d 172 (1983), *mod* 296 Or 713 (1984).

Plaintiff's complaint alleges that

"at all times material hereto, Defendant Robert L. Staudenraus * * * was acting within the course and scope of his employment."

In *Chesterman v. Barmon*, 305 Or 439, 442, 753 P2d 404 (1988), the court said that an employee is acting within the scope of employment when, *inter alia*, the employee is motivated, at least partially, by a purpose to serve the employer. Because plaintiff alleges that Staudenraus was acting in the course and scope of his employment, and that allegation encompasses at least a partial motivation to serve his employer, the court properly dismissed plaintiff's claim for intentional interference with an economic relationship.

Defendants cross-assign as error the denial of their motion to dismiss plaintiff's breach of contract claim. This appeal arises out of an ORCP 67B judgment dismissing three of plaintiff's claims. There is no final judgment as to plaintiff's contract claim and, therefore, there is nothing for this court to review.

---

[3] Defendants also argue that plaintiff failed to allege the specific intent to force plaintiff to quit. As we have already indicated, magic words of specific intent are not required where the facts fairly permit an inference of specific intent. *Franklin v. PCC, supra.* Plaintiff's pleaded facts fairly permit such an inference.

Reversed and remanded as to plaintiff's claims for intentional infliction of severe emotional distress and wrongful discharge; otherwise affirmed.