22

Argued and submitted July 15, 1993, affirmed March 16, 1994

George HIRSOVESCU,
*Appellant,*

*v.*

SHANGRI-LA, INC.,
an Oregon corporation,
*Defendant,*

*and*

Shirley F. TRIBBETT,
David Weigandt, Mary Lee Faye,
Charles McLawhorn and E.B. Bossatti,
as directors of The Shangri-La Corporation,
*Respondents.*

(87C-12066; CA A77780)

870 P2d 859

Susan D. Marmaduke argued the cause and filed the briefs for appellant.

Steven M. Lippold argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs* and Leeson, Judges.

DEITS, P. J.

---

* Riggs, J., *vice* Durham, J.

## DEITS, P. J.

Plaintiff appeals from an amendment of judgment pursuant to ORCP 71B that reduced defendants' liability to plaintiff as a result of plaintiff's settlement with a co-defendant. He assigns error to the trial court's decision to reduce defendants' liability on a wrongful discharge claim by the amount that the co-defendant paid to settle multiple claims. We affirm.

Plaintiff obtained a jury verdict against Shangri-La, Inc. (the corporation) and its directors (defendants) of $30,000 for breach of contract and $10,000 for wrongful discharge. While the appeal of that judgment was pending before this court, plaintiff and the corporation entered into a settlement agreement. The corporation paid plaintiff $10,000, pursuant to the agreement, and plaintiff executed a covenant that released the corporation from "any and all claims," which included the $10,000 tort and $30,000 contract judgments. On appeal, we reversed the $30,000 contract judgment but affirmed the wrongful discharge judgment against defendants. *Hirsovescu v. Shangri-La, Corp.*, 113 Or App 145, 831 P2d 73 (1992). Defendants then moved to have their liability on the $10,000 tort judgment reduced, pursuant to ORS 18.455, by $10,000, the full amount that the corporation paid to settle the claims. The trial court granted the motion and reduced the tort judgment by $10,000 to $0.

ORS 18.455(1) provides, in part:

"When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury * * *:

"(a)  It does not discharge any of the other tortfeasors from liability * * * unless its terms so provide; but *it reduces the claim against the others to the extent of any amount stipulated by the covenant, or in the amount of the consideration paid for it*, whichever is the greater; and

"(b)  It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." (Emphasis supplied.)

The trial court found:

"ORS 18.455 only applies to tort claims. If its provisions were not to apply between the corporate and individual

> defendants there is no sense in executing it. Plaintiff received $10,000 structured between he [*sic*] and the corporate defendants as they determined between them. If it only applied to the contract claim, the only document that needed to be executed was the settlement agreement."

The court concluded that plaintiff's covenant is subject to the provisions of ORS 18.455 and, "[t]herefore, the individual defendants are entitled to the setoff for the sums paid under the ORS 18.455 Covenant not to Execute."

None of the parties assert that ORS 18.455 is not applicable here. The covenant itself recites that it was executed "pursuant to the provisions of ORS 18.455." The question that is presented is whether the trial court was correct in holding that when there is a covenant executed under ORS 18.455, a joint non-settling tortfeasor is entitled to a setoff for the full sum recited in the covenant as consideration for its execution even if, although not recited in the covenant, all or part of the sum was paid to settle a non-tort claim.

In construing a statute, our starting point is the text of the statutory provision. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Here, the language of the pertinent statute, ORS 18.455(1), provides that when a covenant is executed under this provision, other non-settling tortfeasors are not discharged, but the claim against them is reduced "to the extent of any amount stipulated by the covenant, or in the amount of consideration paid for it, whichever is greater." Here, there is no amount stipulated in the agreement. It is recited in the covenant that the amount paid for the settlement was $10,000:

> "Shangri La shall pay Hirsovescu the sum of $10,000, which sum Hirsovescu shall be entitled to retain, subject to appropriate withholdings, and which Hirsovescu accepts in full compromise and settlement of any and all of his alleged claims against Shangri La herein named."

We conclude that the trial court was correct that $10,000 was paid for the covenant and that, under the terms of the statute, the claim against the joint tortfeasors must be reduced by that amount. Plaintiff argues that this interpretation of the statute is inconsistent with its purpose which, as

we explained in *Dee v. Pomeroy*, 109 Or App 114, 119, 818 P2d 523, *rev den* 312 Or 527 (1991), was to

> "permit contribution among tortfeasors responsible for the plaintiff's damages. *It was not intended to reduce the injured person's right to recover 'the amount of damages required to fully compensate a claimant for his injuries and losses * * *.'* " (Emphasis supplied.)

We agree that this result does not necessarily carry out that purpose. However, in view of the recitation in the covenant, under the plain language of ORS 18.455, we believe that this conclusion is compelled. Plaintiff could have specified a different amount in the covenant as having been paid for the tort settlement or could have executed a separate covenant for the contract claim, which would not have been subject to ORS 18.455.

We hold that, under ORS 18.455, the joint tortfeasors are entitled to a reduction in the judgment against them in the amount of $10,000. The trial court did not err in granting defendants' motion to reduce judgment.

Affirmed.