Sherwood Development Corp. v. McCormick, No. S1519-04 CnC (Norton, J., June 6, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                        SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S1519-04 CnC

SHERWOOD DEVELOPMENT CORP.

v.

McCORMICK

ENTRY

Following the dismissal of an action to enforce a purchase and sale agreement against him, defendant seeks attorneys fees and costs under a provision of the same contract. Although defendant raised several defenses, the case was ultimately dismissed for plaintiff's failure to comply with another contract provision requiring pre-suit mediation. According to the entry order, the court dismissed the case "so parties can comply with mediation." Sherwood Development Corp. v. McCormick, No. S1519-04

CnC (Norton, J., Mar. 22, 2005).

The traditional "American Rule" for attorneys' fees requires parties to pay their own, regardless of who prevails. DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246 (2001). Parties may contract to the contrary and include attorney fee provisions in their agreements, id., but as a derogation of the common law, these provisions must be interpreted strictly. Bruntaeger v. Zeller, 147 Vt. 247, 255 (1986). Here defendant seeks to enforce paragraph 20 ("Default") of the alleged purchase and sale agreement, which states, "In the event legal action is instituted arising out of a breach of this Contract, the prevailing party shall be entitled to reasonable attorneys' fees and court costs."

It is well-established that a dismissal without prejudice is a "final determination of the rights of the parties" for the purpose of determining a prevailing party for attorneys' fee provisions. E.g., Sackett v. Mitchell, 505 P.2d 1136, 1137 (Or. 1973); cf. V.R.C.P. 54(a); Morrissette v. Morrissette, 143 Vt. 52, 58 (1983). It is equally well-established that a party may claim attorney fee provisions even when the other party voluntarily dismisses its cause of action. E.g., Survivors of Iida v. Oriental Imports, Inc., 935 P.2d 105, 119–20 (Haw. 1997); Hatch v. Dance, 464 So.2d 713, 714 (Fla. App. 1985); see generally Anot., Dismissal of Plaintiff's Action as Entitling Defendant to Recover Attorneys' Fees or Costs as "Prevailing Party" or "Successful Party," 66 A.L.R. 3d 1087 (1975, 2004 Supp.).

While the present case is not a voluntary dismissal, the reasoning from these cases is applicable. By allowing attorneys' fees, even when the plaintiff voluntarily dismissed her claim, courts have consistently interpreted the term "prevailing party" to encompass a wide range of situations, regardless of whether the case resolved on its merits or on a

technicality.  This reasoning appears to be a mixture of contract interpretation—the lack of any limiting or qualifying language on the term "prevailing"—and policy.  As to the latter, the Hawai'i Supreme Court described some of its reasons while broadly interpreting a statutory provision for attorneys' fees:

> Holding employers liable for the costs of defending conceded issues or entire claims under the provisions of HRS § 386-93(b) certainly discourages weak appeals.  It also reinforces the intent of the legislature by placing the burden of paying for unsuccessful appeals where it belongs—on the party with the poorly thought out, hastily conceived appeal, who can more readily absorb the costs of the appeal.  It will also discourage vexatious litigation and the use of discovery, depositions, motions, and appearances to either harass employees or extract unnecessary expenditures from a party already facing dire financial straits.

Survivors of Iida, 935 P.2d at 120 (citations omitted).  Though the exact same policy reasons cannot necessary be assigned to the present purchase and sale contract (a standardized form used in many real estate transactions), it is safe to presume that similar considerations went into its drafting.  For example, the most obvious feature of any attorneys' fee provision is to discourage rash litigation—a policy which is also promoted by the present contract's mediation provision.

Applying such reasoning and policies to the present case, there is no reason not to award defendant attorneys' fees under paragraph 20 of the alleged contract.  Plaintiffs originally filed this action for breach under the terms of the agreement.  The court dismissed these claim for a technical failure to comply with the mediation provision.  This was based on an argument that the defendant raised and actively pursued in this litigation.  He has incurred legitimate expenses to answer the plaintiffs' claims.  The

language of the contract does not condition its award of fees and costs on the manner or standard by which a party prevails. The fact that the case was dismissed for failure to mediate, rather than decided later on the merits, does not lessen the defendants' prevailing status. Like the voluntary dismissal, defendant has prevailed in obtaining a favorable judgment and ending the present litigation. He is therefore entitled to reasonable fees and costs.

Based on the foregoing, defendant's motion for costs and attorneys' fees is granted.

Dated at Burlington, Vermont_____, 2005.

_____
Judge